UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT AMATRONE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ERIC WINKLER, et al.,<br><br>Defendants. | Case No. 17-cv-03003-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 15 |

Before the Court is Defendant California Department of Insurance ("CDI") and Defendant Eric Winkler's (collectively, "Defendants") motion to dismiss. The Court will grant the motion.

## I.  INTRODUCTION

On May 24, 2017, Plaintiffs filed suit against CDI and Eric Winkler, a "Sergeant" with CDI. ECF No. 1 at 2. Plaintiffs claim that Winkler and various law enforcement officials conducted an illegal search of their home on March 26, 2014. Id.[1] During the search, Plaintiffs allege that Winkler planted evidence "to build a criminal insurance fraud case against Robert Amatrone." Id. at 3. Plaintiffs also allege that Winkler interrogated Plaintiff Sharlow, threatened her, and confiscated her property. Id. at 3-5. In addition to these facts specific to Defendants CDI and Winkler, the Complaint contains multiple allegations relating to the other officials present during the search. See generally ECF No. 1 (e.g., "Approximately 10 to 15 armed officers with assault rifles and guns entered the home and held plaintiff Marla Sharlow at gun point.")

Plaintiffs allege three causes of action. First, Plaintiffs "claim damages under 42 U.S.C. § 1983 for the injuries set forth against Defendant Winkler." ECF No. 1 at 5. Second, Plaintiffs

---

[1] This March 26 search is the subject of a second lawsuit, which is also pending before this Court. Case No. 15-cv-1356. Plaintiffs named Defendant CDI and Winkler in that case as well.

1  assert a false imprisonment claim against Defendant Winkler. Id. Third, Plaintiffs assert a section 1983 claim against CDI for maintaining "policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the State of California which caused the violation of Plaintiff's rights." Id. at 6. Defendants now move to dismiss all three claims. ECF No. 15. Plaintiffs did not file an opposition to the motion.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While the legal standard is not a probability requirement, "where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III. ANALYSIS

### A. Section 1983 Claims

Defendants' first ground for relief is that Plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The same is true for "a suit against a state official in his or her official capacity[, which] is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dep't of State

Police, 491 U.S. 58, 71 (1989). Accordingly, all claims against the California Department of Insurance and against Eric Winkler in his official capacity[2] are dismissed without prejudice to Plaintiffs' right to seek any available relief in state court.[3] This finding does not apply to Plaintiffs' claims for "prospective injunctive relief,"[4] Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007), or to Plaintiffs' claims against Eric Winkler in his personal capacity.

Those section 1983 claims that are not barred by the Eleventh Amendment were filed after the applicable statute of limitations had expired. The statute of limitations for section 1983 actions is governed by the statute of limitations for personal injury actions in the forum state. Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). In California, for conduct occurring after 2003, that statute of limitations is two years. Id. at 954-55. In this case, the allegedly wrongful conduct occurred on March 26, 2014, ECF No. 1 at 2, yet Plaintiffs did not file suit until May 23, 2017. Plaintiffs' remaining section 1983 claims are dismissed as untimely.[5] Plaintiffs may file an amended complaint to include tolling allegations.

### B. False Imprisonment Claim

After dismissal of Plaintiffs' section 1983 claims, only Plaintiffs' state law false imprisonment claim remains. "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). Generally, however, "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Here, the Court

---

[2] Plaintiffs sued Winkler in his personal and professional capacity. ECF No. 1 at 2.

[3] "[A]s we have stated on many occasions, 'the Eleventh Amendment does not apply in state courts.'" Hilton v. S.C. Pub. Railways Comm'n, 502 U.S. 197, 204-05 (1991) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 63-64 (1989)).

[4] In their prayer for relief, Plaintiffs ask the Court to "[e]nter a permanent injunction . . . requiring Defendant California Department of Insurance to adopt appropriate policies related to the hiring and supervision of its offices." ECF No. 1 at 7.

[5] Plaintiffs do not argue for delayed accrual of their claims based on the discovery rule. Nor does their Complaint allege facts showing: "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." Fox v. Ethicon Endo-Surgery, Inc., 110 P.3d 914, 921 (2005)

declines to exercise supplemental jurisdiction over Plaintiffs' false imprisonment claim.

## CONCLUSION

The Court dismisses with prejudice Plaintiffs' section 1983 claims for damages against Defendant CDI and Defendant Winkler in his official capacity. The Court dismisses without prejudice Plaintiffs' section 1983 claims for prospective injunctive relief and against Defendant Winkler in his personal capacity. If Plaintiffs choose to re-plead those claims, they may also re-plead their state law false imprisonment claim. Any amended complaint is due by December 15, 2017.

IT IS SO ORDERED.

Dated: November 20, 2017

                                                JON S. TIGAR
                                    United States District Judge